# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RICARDO MÁRQUEZ COLÓN**<br>Plaintiffs<br><br>v.,<br><br>**LUFTHANSA TECHNIK PUERTO RICO LLC**<br>Defendants | Civil Case: |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now plaintiff through the undersigned attorney, and respectfully alleges and prays:

## PLEADINGS COMMON TO ALL COUNTS OR CAUSES OF ACTION

### Nature of Action and Jurisdiction

1. This action is bought pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. §621 et seq., Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. §146 et seq., and seeking compensatory, double and liquidated damages, severance pay, back pay and equitable and injunctive relief to seek redress for defendants' discriminatory practices against Plaintiff Ricardo Márquez Colón for the basis of age.

2. This Honorable Court has jurisdiction to entertain this action, pursuant to Section 7 of the ADEA, 29 U.S.C. §626 (c)(1) and under 28 U.S.C. §1331(A)(4).

3. Plaintiff further invokes pendent or supplemental jurisdiction of this Court

under 28 U.S.C. §1367 to hear Puerto Rico law claims arising from the same nucleus of operative facts. Supplemental jurisdiction of this Honorable Court is invoke to bring state claims pursuant to P.R. Law 100 of June 30, 1959, 29 L.P.R.A. §146 et seq.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391 (a) and (b), because it is where a substantial part of the events or omissions, giving raise to the claim, occurred.

5.  Plaintiff Ricardo Márquez Colón filed a timely charge of discrimination on the basis of age before the Equal Employment Opportunity Commission. A Notice of Right to Sue from the EEOC was issued and received by plaintiff on August 14, 2025.

6.  This Complaint is being filed within ninety (90) days of receipt of the EEOC Notification of Right to Sue.

### The Parties

7.  Plaintiff is a citizen of the United States and resident of Aguadilla, Puerto Rico.  At the time of defendants' discrimination practice and at the filing of the present complaint, he is 67 years old. Plaintiff is an employee under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631(a).

8.  Lufthansa Technik Puerto Rico LLC is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business and/or headquarters in Aguadilla, Puerto Rico.

9. Lufthansa Technik Puerto Rico LLC is a "person" within the meaning of 29 U.S.C. § 631(a).

10. Lufthansa Technik Puerto Rico LLC. is also an "employer" under the ADEA, 29 U.S.C. § 630(b).

11. Lufthansa Technik Puerto Rico LLC is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630(h).

12. Lufthansa Technik Puerto Rico LLC employed more than twenty (20) employees on a daily basis during the relevant period. See, 29 U.S.C. § 630(b).

13. Plaintiff Ricardo Márquez Colón has worked for Lufthansa Technik Puerto Rico LLC and held the position of Aircraft Mechanic.

14. Lufthansa Technik Puerto Rico LLC is an employer under the definition provided by Puerto Rico Law No. 100, supra. 29 LPRA 151 (2).

## The Facts

15. Plaintiff repeats and realleged each and every preceding paragraph as if fully set herein.

16. Plaintiff started working for Lufthansa Technik Puerto Rico LLC on July of 2024.

17. Mr. Luis Rodríguez Troche, an employee of defendant Lufthansa Technick began to question why plaintiff Marquez-Colón has been hired as an Aircraft Mechanic due to his age. When addressing plaintiff, he referred to him as old man, you should be retired, you are too old to be working here, all of this, said it in the presence of plaintiff supervisor, Mr. Christian Cintrón.

18. Plaintiff at the beginning did not pay attention to Rodríguez-Troche harassment but when he continued referring to him as an old man and that he was too old to be working, he complaint to his supervisor and he did nothing to prevent the harassment that plaintiff was being subjected to.

19. For reasons unknown to plaintiff, defendant continued provoking and harassing him, telling him that he was too old. Plaintiff Márquez-Colón asked his supervisor Christian Cintrón to intervene. Mr. Cintrón refused to intervene and prevent Mr. Rodríguez-Troche from harassing plaintiff for his age.

20. On or around October 2024, Rodríguez-Troche told plaintiff that he was an old man with a young spirit, smiling in a mocking way in the presence of other co-workers and supervisor, Christian Cintrón.

21. On November 26, 2024, the discriminatory conduct of Rodríguez Troche continued, calling plaintiff a decrepit old man.

22. On the same date, November 26, 2024, plaintiff Márquez-Colón called Rodríguez-Troche and he refused to answer plaintiff call. Plaintiff snap his fingers to call the attention of Rodríguez-Troche and for no reason whatsoever Rodríguez-Troche started yelling at plaintiff calling him old decrepit man that he should not be working and should retire so a younger person could take his position.

23. Plaintiff told Rodríguez-Troche that he didn't know what was wrong with him and that he was going to file a complaint in the Human Resources Division. In that afternoon, plaintiff was called to the Human Resource Office and was told that Rodríguez-Troche had filed a complaint against him and that he was not to

returned to work until they call him.

24. Days after, plaintiff Márquez-Colón was called and was dismissed from work.

25. Plaintiff informed defendant that the person that should be dismissed was Mr. Rodríguez-Troche because he was the one harassing him because of his age and that he was going to file a complaint in the Department of Labor.

26. Days later plaintiff was informed that Lufthansa Technik had conducted an investigation asking their employees about the allegations of plaintiff against Luis Rodríguez-Troche. Defendant Lufthansa Technik dismissed Rodríguez-Troche but did not rehire plaintiff Márquez-Colón.

32.- At the time of his dismissal, plaintiff salary was $1,993.00 monthly.

### First Cause of Action
### Under ADEA for Discrimination Based on Age

33.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

34.- Defendant, Lufthansa Technik Puerto Rico LLC, conduct against Plaintiff constitutes discrimination on the basis of age in violation of ADEA.

35.- Lufthansa Technik Puerto Rico LLC, termination of plaintiff constitutes discrimination on the basis of age in violation of ADEA.

36.-As a proximate result of Lufthansa Technik Puerto Rico LLC., discriminatory practices, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

37.- Lufthansa Technik Puerto Rico LLC., is liable to Plaintiff for the back pay, commissions and bonuses he would have been entitled had he been working in his position as an Aircraft Mechanic.

38.- Lufthansa Technik Puerto Rico LLC., is liable to Plaintiff under this cause of action in an amount not less than $1,500,000.00.

## Second Cause of Action
## Suffering and Mental Anguish

39.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

40.- Lufthansa Technik Puerto Rico LLC,, is liable to Plaintiff for his pain, suffering and mental anguish.

41.- Lufthansa Technik Puerto Rico LLC., is liable to Plaintiff under this cause of action in an amount not less than $1,500,000.00.

## Third Cause of Action
## Punitive Damages

42.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

43.- Lufthansa Technik Puerto Rico LLC., discriminatory practices against Plaintiff were intentional, malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law.

44.- Lufthansa Technik Puerto Rico LLC., discriminatory conduct constitutes a willful violation of plaintiff's clearly established and protected rights and as a result thereof defendant is liable to Plaintiff for Punitive damages which are reasonably estimated in the amount of $1,500,000.00

### Fourth Cause of Action
### Under Puerto Rico Law 100

45.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

46.-  Lufthansa Technik Puerto Rico LLC., discriminatory conduct altered Plaintiff's employment conditions because of Plaintiff's age.

47.- Defendant Lufthansa Technik Puerto Rico LLC., conduct constitutes a willful violation of Puerto Rico Law 100, of June 30, 1959, 29 L.P.R.A. §146 et seq.

48.- As an adequate remedy under said statue, defendants Lufthansa Technik Puerto Rico LLC., is liable to Plaintiff for double the amount of back pay, front pay, and compensatory damages 29 LPRA 147 (a) (1).

49.- Plaintiff is also entitled to reinstatement as a full time employee.

### Fifth Cause of Action
### Attorneys Fees and Prejudgment Interest

50.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth at length herein.

51.- Lufthansa Technik Puerto Rico LLC. is liable to Plaintiff for attorney's fees, costs and disbarments under ADEA, 29 U.S.C. §216 (B), and prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

52.- Lufthansa Technik Puerto Rico LLC., is also liable to Plaintiff for attorney's fees, costs and disbursements under Puerto Rico Law 100.

## TRIAL BY JURY

53.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a. Assume Jurisdiction of this action;

b. An order directing Defendant to reinstate Plaintiff to his former position in Lufthansa Technik Puerto Rico LLC. and to cease and desist of any further discriminatory conduct on the basis of age against him.

c. Back pay, together with interest, for the period that Plaintiff has been deprived of his full salary, as it was awarded to other employees in his previous position.

d. Lost benefits, both past and future.

e. Compensatory damages in an amount in excess of $1,500,000.00.

f. Grant plaintiff damages and punitive damages against the defendants, and each of them, jointly and severely;

g. An award of liquidated damages equal to twice the back pay and fringe benefits lost by Plaintiff.

h. An award of double compensatory damages, back pay, and front pay

pursuant to PR law No. 100 which is estimated $3,000,000.00.

i.   An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursement.

j.   Any other remedies which this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico this 4th day of November of 2025.

*S/Israel Roldan-Gonzalez*

ISRAEL ROLDAN-GONZALEZ
USDC-PR No. 115602
Counsel for Plaintiff
35 progreso
Aguadilla, P.R. 00603
Tel. 891-1359
irg@roldanlawpr.com

9

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Ricardo Márquez Colón of legal age and resident of Aguadilla, Puerto Rico, solemnly declare that:

That the facts stated in the complaint filed in the United States District Court for the District of Puerto Rico against the Lufthansa Technick Puerto Rico LLC., are true and correct and were informed by me to our legal counsel, Israel Roldán González.

I declare under penalty of perjury that the foregoing is true and correct.

In Aguadilla, Puerto Rico on the 4th day of November of 2025.

_____
Ricardo Márquez Colón